UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. DUGAN, DAVID SNELTEN, STEVEN M. CISCO, JOHN E. KENNY, JR., DAVID FAGAN, MAMON POWERS, JR., MIKE PIRAINO, GLEN WEEKS, JAMES M. SWEENEY, and MARSHALL DOUGLAS, as Trustees of the MIDWEST OPERATING ENGINEERS WELFARE FUND, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| WILLIAM E. DUGAN, STEVEN M. CISCO, JOHN E. KENNY, JR., LaVERNE S. BROWN, ANGELO A. DiPAOLO, DAVID SNELTEN, MIKE LARSON, DAVID FAGAN, JAMES M. SWEENEY, and JAMES McNALLY, as Trustees of the MIDWEST OPERATING ENGINEERS PENSION TRUST FUND, | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 08 C 2464<br>) |
| WILLIAM E. DUGAN, STEVEN M. CISCO, JOHN E. KENNY, JR., LaVERNE S. BROWN, DAVID FAGAN, DAVID ROCK, MAMON POWERS, JR., DAVID SNELTEN, DANIEL R. PLOTE, JAMES M. SWEENEY, MARSHALL DOUGLAS and MARTIN TUREK, as Trustees of the OPERATING ENGINEERS LOCAL 150 APPRENTICESHIP FUND, | ) Judge George M. Marovich<br>) Magistrate Judge Geraldine Soat Brown<br>)<br>)<br>)<br>)<br>)<br>) |
| WILLIAM E. DUGAN, STEVEN M. CISCO, JOHN E. KENNY, JR., LaVERNE S. BROWN, ANGELO A. DiPAOLO, DAVID SNELTEN, JAMES M. SWEENEY, DAVID FAGAN and JAMES McNALLY, as Trustees of the LOCAL 150, I.U.O.E. VACATION SAVINGS PLAN, | |
| Plaintiffs, | |
| v. | |
| NAPERVILLE EXCAVATING CO., an Illinois corporation, | |
| Defendant. | |

## ANSWER TO COMPLAINT

Defendant, NAPERVILLE EXCAVATING CO., for its answer to the Complaint states as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

**ANSWER:** Defendant admits the allegations of Paragraph 1 of the Complaint.

2. Plaintiffs bring this action in their capacity as Trustees of the MIDWEST OPERATING ENGINEERS WELFARE FUND, MIDWEST OPERATING ENGINEERS PENSION TRUST FUND, OPERATING ENGINEERS LOCAL 150 APPRENTICESHIP FUND and LOCAL 150 I.U.O.E. VACATION SAVINGS PLAN, which are "employee welfare benefit plans" and "plans" within the meaning of ERISA, Plaintiffs being the now acting Fiduciaries thereof administering said Plans within this district.

**ANSWER:** Defendant admits the allegations of Paragraph 2 of the Complaint.

3. Defendant is an "Employer" within the meaning of ERISA, which is obligated to make fringe benefit contributions to Plaintiffs under the terms of the Agreements and Declarations of Trust pursuant to which Plaintiff Funds are maintained and/or pursuant to the terms of a Collective Bargaining Agreement to which Defendant is obligated and to which Local 150 of the International Union of Operating Engineers, AFL-CIO, is also obligated.

**ANSWER:** Defendant admits the allegations of Paragraph 3 of the Complaint.

4. As an employer obligated to make fringe benefit contributions to Plaintiffs under the Agreements and Declarations of Trust, Defendant is specifically required to do the following:

(a) To submit for each month a report stating the names, Social Security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs, or, if no such persons are employed, to submit a report so stating;

(b) To accompany the aforesaid reports with payment of contributions based upon an hourly rate as sated in the applicable Collective Bargaining Agreement or Agreements;

(c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing the same to verify the accuracy of Defendant's past reporting upon request made by Plaintiffs;

  (d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in the amount of ten (10%) percent of any and all contributions which are not received by Plaintiffs for a particular month prior to the 10th of the succeeding month, or the sum of twenty (20%) percent of such contributions as liquidated damages should there be further delay in payment as necessitates the filing of a lawsuit by Plaintiffs against Defendant;

  (e) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records should it be determined that Defendant was delinquent in the reporting or submission of all contributions required by it to be made to Plaintiffs;

  (f) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

  (g) To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

**ANSWER:** Defendant denies the allegations of Paragraph 4 of the Complaint, except Defendant admits that it was obligated to make fringe benefit contributions to various named Trust Funds, including submitting monthly reports stating the names and number of hours worked in such month by each and every person on whose behalf contributions were required to be made, and to accompany the reports with payment of contributions based upon rates set forth in the applicable collective bargaining agreement.

  5. Defendant is delinquent and has breached its obligations to Plaintiffs and its obligations under the Plans in the following respect:

  Defendant has failed and refused to permit Plaintiffs' auditors to review its various payroll records in order to verify the accuracy of its past reporting and to determine what additional contributions, if any, may be due the Plaintiffs.

**ANSWER:** Defendant denies the allegations of Paragraph 5 of the Complaint.

  6. That upon careful review of all records maintained by them, and after application of any and all partial payments made by Defendant, the total amount due is unknown, based upon Defendant's failure to submit all required reports or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that

additional contributions and liquidated damages will come due during the pendency of this lawsuit.

**ANSWER:** Defendant denies the allegations of Paragraph 6 of the Complaint.

7. Plaintiffs have requested that Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

**ANSWER:** Defendant denies the allegations of Paragraph 7 of the Complaint.

8. Defendant's continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

**ANSWER:** Defendant denies the allegations of Paragraph 8 of the Complaint.

WHEREFORE, Defendant prays for an Order dismissing the Complaint, and for such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        NAPERVILLE EXCAVATING CO.

        By:    /s/ Steven H. Adelman
            One of Its Attorneys

Steven H. Adelman
Kevin D. Kelly
Erin R. Peterson
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive, Suite 4300
Chicago, Illinois  60606
(312) 443-0405 (S. H. Adelman)
(312) 443-0217 (K. D. Kelly)
(312) 443-0415 (E. R. Peterson)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 20, 2008, I electronically filed the foregoing ANSWER TO COMPLAINT with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Beverly P. Alfon | balfon@baumsigman.com |
| Catherine M. Chapman | cchapman@baumsigman.com |
| Cecilia M. Scanlon | cscanlon@baumsigman.com |

                                                               /s/Kevin D. Kelly

CHI1 1500688v.1